IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BEATRICE HUDSON, | ) |
| | ) 8:05cv263 |
| Plaintiff, | ) |
| | ) MEMORANDUM AND ORDER |
| vs. | ) |
| | ) |
| SNELLING PERSONNEL, et al., | ) |
| | ) |
| Defendants. | ) |

This matter is before the court for initial review of filing no. 5, the Amended Complaint filed by the plaintiff, Beatrice Hudson, against the defendants, Snelling Personnel, Ramada Inn Executive Center, City Prosecutor's Office, Renitza Perry, Lyle Sherry, and the Douglas County Sheriff's Department. Also before the court is filing no. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP").

The plaintiff has filed an unusually large number of lawsuits in this court within approximately one year (currently sixteen cases), each alleging violations of her civil rights and each accompanied by a request to proceed IFP. The plaintiff has prevailed on none of those cases, and many have been dismissed as frivolous. Many of the cases involved various hostile encounters between the plaintiff and other persons, resulting in lawsuits in which the plaintiff claims racial discrimination.

The plaintiff has been reminded in previous cases in this court that the fact that many of the people with whom she engages in disputes are white while the plaintiff is African-American does not give rise to a presumption of racial discrimination. In addition, conclusory allegations of racism, conspiracy, discrimination and retaliation do not transform a state-court tort action, at most, into a federal constitutional claim.

In this case, the plaintiff purports to bring a claim under the Uniform Residential Landlord and Tenant Act against her landlord, Renitza Perry. Perry allegedly removed the plaintiff's possessions stored in the landlord's back yard without giving the plaintiff certain three-day and thirty-day notices to which the plaintiff claims she was entitled under state law.

The plaintiff also references an altercation she had with Lyle Sherry, a neighbor whose dog bit the plaintiff. The plaintiff filed for a protection order against Sherry, but the Douglas County Sheriff's Department failed to serve Sherry. Therefore, the plaintiff has sued Sherry and the Douglas County Sheriff's Department for racial discrimination. The City Prosecutor's office failed to arrest and prosecute Sherry, so the plaintiff has sued the City Prosecutor's office, too, for racial discrimination.

All of the foregoing events occurred in May of 2005. However, in a completely unrelated matter, the plaintiff alleges that in August of 2005, Snelling Personnel failed to hire her because of her race, in violation of Title VII of the Civil Rights Act of 1964.

In another unrelated incident, the plaintiff filed an action in small claims court for refund of a cash payment she had made to the Ramada Inn Executive Center. Now the plaintiff seeks injunctive and monetary relief from that company for "nongovernmental discrimination for unlawful refusing to refund, to make and enforce contracts, to sue, be parties, give evidence secured by 42 U.S.C. § 1981, equal rights under the law." (Filing no. 5 at 12.)

By moving for leave to proceed IFP, the plaintiff subjects her complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

This case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Other than the claim against Snelling Personnel, the plaintiff has alleged a jumble of grievances which amount, at most, to claims arising under state, but not federal, law. Often a claim which cannot be brought in federal district court may nonetheless be filed in a state court. That is because the federal district courts are courts of "limited jurisdiction," while the state courts are courts of "general jurisdiction." The plaintiff's landlord-tenant act claims, Small Claims Court refund controversy, dog bite dispute, negligence allegations and other tort claims do not arise under the Constitution or laws of the United States.

Even the claim against Snelling Personnel fails to state a claim on which relief may be granted. Although the plaintiff cites to federal laws prohibiting employment discrimination, she fails to refer to any administrative exhaustion of her claim or any factual basis for connecting her race to Snelling Personnel's decision not to hire her.

THEREFORE, IT IS ORDERED:

1. That filing no. 2, the plaintiff's Motion for Leave to Proceed In Forma Pauperis, is denied;

2. That this action and the plaintiff's complaint are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. That a separate judgment will be entered accordingly.

DATED this 26th day of September, 2005.

                          BY THE COURT:

                          s/ Joseph F. Bataillon
                          JOSEPH F. BATAILLON
                          Chief District Judge